# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BABE BRONSON,** | : CIVIL ACTION NO. 1:20-CV-2315 |
| Plaintiff | : |
| v. | : (Judge Conner) |
| **KEVIN KAUFFMAN,** *et al.*, | : |
| Defendants | : |

## MEMORANDUM

This is a prisoner civil rights case under 42 U.S.C. § 1983 in which plaintiff Babe Bronson, an inmate in the State Correctional Institution-Huntingdon ("SCI-Huntingdon"), alleges that defendants failed to protect him from an assault by another inmate in violation of the Eighth Amendment. Defendants have moved for summary judgment. The motion will be granted.

I. **Factual Background & Procedural History**[1]

On May 8, 2019, Michael Cropps, an inmate in SCI-Huntingdon, was transferred to the prison's general population. (Doc. 36 ¶ 3). The transfer decision was made by a Program Review Committee ("PRC") that included Defendant Brumbaugh but not Defendants Kauffman and Walters. (Id. ¶ 14). The PRC made the transfer decision based on a recommendation from the prison's security department, which recommended that Cropps be transferred to general population despite the fact that he had previously assaulted a nurse, a cellmate, and another inmate during his incarceration. (Id. ¶¶ 10-12). The security department based its recommendation on findings that Cropps had "no known enemies" at SCI-Huntingdon and that he wanted a fresh start in the prison. (Doc. 35-2 at 2).

After his transfer to general population, Cropps was housed on B-Block housing unit. (Doc. 36 ¶ 3). Bronson was housed on the same unit. (Id. ¶ 4). Cropps and Bronson resided on the same housing unit for approximately three months without incident before Cropps assaulted Bronson with a weapon made of a

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. PA. L.R. 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. In this case, defendants filed a statement of material facts as required by Local Rule 56.1, but Bronson filed only a partial response to the statement of material facts. Accordingly, any factual assertions to which Bronson has failed to respond will be deemed admitted. Unless otherwise noted, the factual background herein derives from the parties' Rule 56.1 statements of material facts. (See Docs. 36, 40). To the extent the parties' statements are admitted, undisputed, or supported by uncontroverted record evidence the court cites directly to the statements of material facts.

2

padlock and a shoelace on July 25, 2019.  (Id. ¶¶ 5, 13).  The attack lasted for approximately two to four minutes, and Bronson sustained injuries to his head and neck.  (Id. ¶¶ 6, 13).  Cropps and Bronson provided differing accounts as to whether they had interacted with each other before the assault.  (Id. ¶¶ 7-8).  According to Bronson, the two inmates had not had any interactions with each other prior to the assault.  (Id. ¶ 7).  Cropps represented to the contrary that Bronson had frequently bullied Cropps.  (See Doc. 35-2 at 3).  None of the defendants had received reports of any conflicts between Bronson and Cropps prior to the assault.  (Id. ¶ 13).

Bronson initiated this case through the filing of a complaint on December 10, 2020.  In the complaint, Bronson alleges that the defendants' failure to protect him from the assault by Cropps constitutes cruel and unusual punishment in violation of the United States and Pennsylvania Constitutions.  Bronson seeks damages and injunctive relief requiring defendants to implement new screening measures applicable to the transfer of inmates.  Defendants answered the complaint on March 27, 2021 and filed the instant motion for summary judgment on July 21, 2021.  Briefing on the motion is complete, and it is ripe for the court's disposition.

**II.   Legal Standard**

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality.  FED. R. CIV. P. 56(a).  The burden of proof tasks the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief.  Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett,

477 U.S. 317, 322-23 (1986). The court is to view the evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986). Only if this threshold is met may the cause of action proceed. See Pappas, 331 F. Supp. 2d at 315.

### III.  Discussion

Bronson brings his federal constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Defendants raise four arguments for summary judgment. First, they argue that any claims for monetary damages against them in their official capacities are barred by the Eleventh Amendment. Second, they argue that Bronson cannot establish that they were personally involved in the alleged violations of his civil

rights, except to the extent that defendant Brumbaugh participated in the PRC's decision to transfer Cropps to general population.  Third, they argue there is no evidence that they were deliberately indifferent to a risk that Cropps would assault Bronson.  Finally, they argue that the court should decline to exercise jurisdiction over Bronson's state law claim, or, alternatively, that the court should grant them summary judgment on the state law claim.

Having reviewed the evidence of record and the parties' arguments, we will grant the motion for summary judgment.  With the exception of Brumbaugh's role on the PRC, there is no evidence that defendants were personally involved in the alleged violations of Bronson's civil rights.  A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation.  Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence.  Id.  Here, Bronson's claims against Defendants Kauffman and Walters appear to be based entirely on their roles as supervisory officials in SCI-Huntingdon, and Bronson has not offered any evidence to show that they were personally involved in the alleged civil rights violations.  Kauffman and Walters are accordingly entitled to summary judgment.

Defendant Brumbaugh is likewise entitled to summary judgment as to Bronson's Eighth Amendment claim because there is no evidence that he was deliberately indifferent to a risk that Cropps would assault Bronson.  For a plaintiff

to succeed on a deliberate indifference claim based on a defendant's alleged failure to protect the plaintiff from harm, the plaintiff must show that (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the defendant was deliberately indifferent to that risk, and (3) the defendant's deliberate indifference caused the plaintiff harm.  Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)), *abrogated in nonrelevant part as recognized by* Mack v. Yost, 968 F.3d 311, 319 n.7 (3d Cir. 2020).  The first element is an objective inquiry of whether the official "knowingly and unreasonably disregarded an objectively intolerable risk of harm."  Beers-Capitol v. Wetzel, 256 F.3d 120, 132 (3d Cir. 2001).  The second element is subjective: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."  Bistrian, 696 F.3d at 367 (quoting Beers-Capitol, 256 F.3d at 125).

It is undisputed that Brumbaugh was a member of the PRC that transferred Cropps to general population and that the members of the PRC were aware that Cropps had a history of assaulting individuals.  By itself, however, the risk that an inmate with a history of violence will attack another inmate for some unknown reason is too speculative to support an Eighth Amendment claim.  Bistrian, 696 F.3d at 371 ("Thus, according to Bistrian, the risk of the harm that occurred was the risk that an inmate with a history of violence might attack another inmate for an unknown reason.  We cannot conclude on these allegations that prison officials were deliberately indifferent to such a speculative risk."); see also Blackstone v. Thompson, 568 F. App'x 82, 84 (3d Cir. 2014) ("The risk that an inmate with some

history of violence might attack another inmate for an unknown reason, however, is too speculative to give rise to an Eighth Amendment claim."). Bronson has not adduced any evidence that the members of the PRC were aware of a specific risk that Cropps would assault Bronson rather than simply a general risk posed by Cropps's history of violence. Absent such evidence, Bronson's Eighth Amendment claims are too speculative to survive defendants' motion for summary judgment.

Moreover, there is no evidence in the record suggesting that defendants were made aware of a potential for violence between Cropps and Bronson after Cropps was transferred to general population. Bronson has repeatedly asserted that he and Cropps had not had any interactions with each other prior to the assault. Cropps asserts to the contrary that Bronson frequently bullied Cropps, but there is no indication in the record that defendants were aware of any purported interactions between the two. Accordingly, defendants are entitled to summary judgment as to Bronson's Eighth Amendment claim because Bronson has failed to produce evidence of Kauffman and Walter's personal involvement and has failed to produce evidence that the defendants were deliberately indifferent to a risk of serious harm.

Defendants are entitled to summary judgment as to Bronson's state law claim for the same reasons. The Pennsylvania Constitution's prohibition against cruel and unusual punishment is "coextensive with the Eighth and Fourteenth Amendment of the United States Constitution." Commonwealth v. Olds, 192 A.3d 1188, 1190 n.3 (Pa. Super. Ct. 2018). Where a plaintiff fails to establish an Eighth Amendment deliberate indifference claim, he equally fails to establish a deliberate indifference claim under the Pennsylvania Constitution. Bronson v. Young, No.

7

3:05-CV-514, 2008 WL 416266, at *6-7 (M.D. Pa. Feb. 14, 2008); <u>Smart v. Commonwealth, Dep't of Corr.</u>, No. 631 C.D. 2017, 2018 WL 3130997, at *5 (Pa. Commw. Ct. June 27, 2018).  Thus, defendants are entitled to summary judgment as to Bronson's deliberate indifference claims under both the United States Constitution and the Pennsylvania Constitution.  Having reached this conclusion, the court will not reach the question of whether Bronson's official capacity damages claims are barred by the Eleventh Amendment.

**IV.   Conclusion**

We will grant defendants' motion (Doc. 33) for summary judgment.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    January 6, 2022

8